UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORMAN GOTCHER, JR.,

              Plaintiff,

v.

KING COUNTY, *et al.*,

              Defendants.

CASE NO. C18-1267-RAJ-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Norman Gotcher is a state prisoner who is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. This matter comes before the Court at the present time for a determination of whether plaintiff's previously granted *in forma pauperis* (IFP) status should be revoked. This Court, having reviewed the pleadings filed in this action, plaintiff's history of litigation in the Western District of Washington, and plaintiff's response to this Court's Order directing him to show cause why his IFP status should not be revoked, concludes that IFP should be revoked and that plaintiff should be required to pay the filing fee if he wishes to proceed with this civil rights action.

REPORT AND RECOMMENDATION
PAGE - 1

## DISCUSSION

On August 27, 2018, plaintiff submitted to the Court for filing a pleading which he identified as a complaint for medical malpractice and deliberate indifference. (*See* Dkt. 1-1.) Plaintiff submitted with his complaint an application to proceed with this action IFP. (*See* Dkt. 1.) Though plaintiff is currently in the custody of the Washington Department of Corrections ("DOC"), and was in DOC custody at the time he filed this action, his complaint alleged claims pertaining to time he spent in King County custody in 2016 and 2017. Specifically, plaintiff alleged that he was denied timely follow-up care for injuries suffered prior to being booked into the King County Jail in July 2016, and that the failure of defendants to provide proper care violated his rights under the First and Eighth Amendments. (*See* Dkt. 1-1.)

After reviewing plaintiff's submissions, this Court issued an Order granting plaintiff leave to proceed IFP, and an Order declining to serve plaintiff's original complaint and granting him leave to amend. (*See* Dkt. 6, 7.) On December 3, 2018, plaintiff submitted an amended complaint to the Court for filing. (*See* Dkt. 13.) In conjunction with its review of plaintiff's amended pleading, the Court also conducted a review of plaintiff's extensive history of litigation in the Western District of Washington. The review of plaintiff's prior litigation activities suggested that plaintiff's application to proceed with this action IFP should not have been granted because he had, on at least three prior occasions, brought civil actions which were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief could be granted.

Thus, on January 4, 2019, this Court issued an Order directing plaintiff to show cause why his IFP status should not be revoked. (Dkt. 14.) The Court explained therein that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed IFP in a civil action if he or she has, on three

or more prior occasions, brought civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. (*See* Dkt. 14 at 2.) The Court went on to note that plaintiff had accumulated at least three "strikes" under § 1915(g), and cited the following cases: *Gotcher v. United Way Corp., et al.*, Case No. 3:01-cv-05022-FDB; *Gotcher v. Bolton, et al.*, Case No. 3:01-cv-05024-FDB; and, *Gotcher v. Dauth, et al.*, Case No. 3:01-cv-05025-RJB. (*See id.*) The Court further noted that nothing in plaintiff's original or amended pleadings in this case suggested he was under imminent danger of serious physical injury at the time he filed this action. (*Id.*)

Plaintiff filed a timely response to the Order to Show Cause on January 28, 2019. (Dkt. 15.) Though not entirely clear, plaintiff appears to assert in his response that his IFP status should not be revoked because the three cases cited in the Court's Order to Show Cause constituted plaintiff's first attempts at civil litigation, and the court in those cases failed to provide plaintiff with information which would have permitted him to amend his complaints or to appeal the dismissals, as it was required to do. (*See id.* at 2.) Plaintiff also asserts that he is "currently experiencing imminent danger of serious physical injuries" as a result of slow eating habits and a continuing limp, both of which he alleges are attributable to defendants' failure to treat his injuries while he was in custody in King County. (*Id.* at 3.)

To the extent plaintiff argues he should be granted an exception to the § 1915(g) three-strikes bar because the court, in his 2001 cases, did not provide him information necessary to amend his pleadings or to appeal his dismissals, his argument is frivolous. The records of those proceedings reveal that in each case, plaintiff was advised of the deficiencies in his complaint and was granted an opportunity to file an amended pleading. Plaintiff's claim to the contrary is

REPORT AND RECOMMENDATION
PAGE - 3

clearly false. And, even if plaintiff's claim were accurate, § 1915(g) provides an exception *only* for imminent danger, not for any other reason.

With respect to plaintiff's assertion that he is in imminent danger of serious physical injury, he cites only to the fact that he continues to suffer physical impairments as a result of defendants' alleged failure to provide proper care for his injuries while he was confined at the King County Jail in 2016-17. However, plaintiff indicates in his response to the Order to Show Cause that DOC medical staff have provided accommodations and treatment for the injuries he claims the defendants named in this action failed to treat. (*See* Dkt. 15 at 3.) This acknowledgement undermines plaintiff's claim that he is in imminent danger of serious physical injury. Moreover, because the claims asserted in the instant action arose at the King County Jail, and because plaintiff has been in DOC custody since he filed this action, any claim of imminent danger is necessarily unrelated to the claims raised herein.

As plaintiff has not made any credible showing that he satisfies the imminent danger exception to the § 1915(g) bar, this Court concludes that plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's IFP status be revoked. This Court further recommends that plaintiff be directed to pay the filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than March 7, 2019.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 8, 2019.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 14th day of February, 2019.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge